UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-14015-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PROSPER BRIFIEL,

    Defendant.
_____/

FILED by _____ D.C.

MAR - 8 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO GRANT OUT OF TIME NOTICE OF APPEAL [D.E. #157] AND DEFENDANT'S MOTION TO REQUEST CERTIFICATE OF APPEALABILITY [D.E. #159]

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions as well as the sworn affidavit filed by the Defendant [D.E. #158] in support of these motions and the government's response, this Court recommends to the District Court as follows:

    1.    The Defendant's motion for extension of time to file an "Out Time Notice of Appeal" is fashioned within his motion entitled "Motion To Response's To Later Government Opposition Pursuant To 18 U.S.C. §3582(C)(2)." This motion taken in conjunction with the sworn affidavit [D.E. #158] and the Defendant's Motion For Certificate of Appealability [D.E. #159] requests that this Court grant a certificate of appealability in respect to the District Court's denial on December 7, 2011 of the Defendant's third Motion to Reduce Sentence Pursuant to §3582(C)(2) and to grant an extension of time within which to file a notice of appeal.

    2.    It is important to note the Defendant's history in regards to his post-judgment motion practice in this case. The reason this is relevant to the issues before the Court is based upon this Court's understanding that the Defendant has filed numerous post-judgment motions/petitions attacking his judgment and conviction. This present issue

relates only to his most recently filed motion which was denied by the District Court on December 7, 2011.

3.     The Defendant was convicted at the conclusion of a jury trial on all four counts pending against him. That verdict was returned on or about August 5, 1998. The Defendant was then sentenced on or about March 30, 1999 to an enhanced sentence of life in prison in respect to Count One, 327 months as to Counts Two and Three to run concurrently, and 240 months on Count Four. There were periods of supervised release imposed at the time of sentencing as well which are not germane to the issues which this Court needs to resolve at this time. Subsequent thereto, the Defendant filed an appeal and the post-judgment motion practice began. Those motions and the disposition are as follows:

- a. Notice of Appeal filed by the Defendant on or about April 9, 1999. The Eleventh Circuit Court of Appeals affirmed the judgment and conviction of the Court by issuance of its mandate on November 29, 1999.

- b. Defendant's Motion To Amend Judgment To Remove Fine Imposed. This motion was later withdrawn by the Defendant. Based upon the Defendant's withdrawal of the motion, it was denied as moot.

- c. Defendant's Motion For Leave To File Rule 60 Motion filed on or about July 10, 2000. That motion was denied by the District Court on August 30, 2000.

- d. Defendant's Motion For Clarification was filed July 10, 2000 and was denied by the District Court on August 30, 2000.

- e. Defendant's Motion For Leave To File Motion For New Trial filed on August 18, 2000 and denied by the District Court on August 30, 2000.

- f. Defendant's Motion To Vacate Pursuant To §2255 filed on or about November 20, 2000. A Motion To Amend the Motion To Vacate was filed January 2, 2001. The amendment was granted by the Court on

January 8, 2001. The Motion To Vacate was denied by adoption and ratification of a Report and Recommendation by District Court Order dated May 31, 2002.

g. Defendant's Motion To Show Cause was filed April 30, 2001 and denied by the District Court on or about May 18, 2001.

h. Defendant's Petition For Leave To File Appeal Out Of Time was filed July 1, 2002. This was granted by the Court on July 15, 2002.

i. Defendant's Notice of Appeal of his denial of his §2255 Motion To Vacate was filed on or about February 3, 2005. This Court notes that the appeal was in respect to the Court's denial of the Defendant's §2255 motion almost three years prior. The Eleventh Circuit Court of Appeals dismissed the Defendant's appeal in this regard on or about March 15, 2005.

j. Defendant's Motion To Reduce Sentence was filed on or about May 11, 2006 and was denied by the District Court on January 23, 2008.

k. Defendant's Motion To Vacate was filed on October 19, 2006 and denied by the District Court on January 30, 2007.

l. What appears to be a second Motion To Vacate Pursuant to §2255 was filed by the Defendant on or about January 11, 2007 and denied by the District Court on or about March 28, 2007.

m. Defendant's Motion For Relief Under Rule 60(b)(3) was filed on or about October 19, 2007 and denied by the Court on December 3, 2007.

n. Defendant's Motion For Relief Under 60(b)(4) was filed on or about January 28, 2008 and was denied by the Court on or about March 18, 2008.

o. Defendant's Motion To Reduce Sentence Under §3582(c)(2) was filed on or about April 28, 2008 and denied by the Court on or about May 28, 2008.

p. What appears to be a third Motion To Vacate Pursuant To §2255 filed on or about November 29, 2010 was forwarded to the Eleventh Circuit

>> Court of Appeals as a successive motion for habeas corpus relief. The file has been administratively closed.
>
> q. Finally, what appears to be the Defendant's third Motion To Reduce Sentence was filed on or about November 4, 2011 and was denied by the District Court on or about December 7, 2011. This is a motion for which the Defendant seeks an out of time appeal.

4. The Defendant's present motions allege that he wants to appeal the denial of his most recent Motion To Reduce Sentence because he did not receive the Court Order dated December 7, 2011 until February 3, 2012. The Defendant argues that he has never had an opportunity to traverse the government's response because of the late arrival of his mail at prison and has filed an affidavit in that regard.

5. In respect to his Motion For Certificate Of Appealability, the Defendant argues that there are "extraordinary circumstances of equitable total", which this Court interprets to mean extraordinary circumstances of equitable tolling of time. The Defendant makes the same general allegations concerning the denial of his prior motions to reduce sentence.

6. As is indicated by the record, the Defendant has had ample opportunity to challenge his conviction on direct appeal as well as collateral attack and motions to reduce sentence. In fact, this pending request is in respect to seeking an appeal of his third Motion To Reduce Sentence. This Court has reviewed those prior motions in that regard as well as the most recent motion which was denied by the District Court on December 7, 2011 and finds very little difference in the issues that he is arguing and which the District Court has denied.

7. The Defendant is seeking an appeal of the Court's denial of his §3582(c)(2) motion. That motion is a criminal motion in nature and is covered by the Federal Rules of Appellate Procedure applying to criminal cases and not civil cases. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003). Pursuant to those provisions of the Federal Rules of Appellate Procedure, Rule 4(b) requires the Defendant to have filed an appeal of the Court's Order within fourteen (14) days of the date of its entry on December 7, 2011. Every day is counted including intermediate Saturdays, Sundays, and legal holidays. Even if the District Court finds "excusable neglect or good cause" the District Court cannot extend that time period for more than an additional thirty (30) days. United States v. Blaine, 409 Fed. Appx. 253 (11th Cir. 2010). Therefore, a total of forty-four (44) days from the date of entry of the Order would require the Defendant to have filed his Notice of Appeal or motion on or before January 20, 2012, which happens to have been a Friday. The Defendant's present motion seeking an out of time appeal and a certificate of appealability was not filed until February 22, 2012, or some seventy-seven (77) days after entry of the Order which the Defendant seeks to appeal.

8. Based upon the controlling case law as set forth in Blaine, supra, the District Court is "not authorized" to grant the Defendant's untimely Notice of Appeal. Based upon all of the foregoing, this Court finds that the Defendant's Motion To Grant Out of Time Notice of Appeal [D.E. #157] and the Defendant's Motion For Certificate of Appealability [D.E. #159] should be denied.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's aforementioned Motion To Grant Out of Time Notice of Appeal [D.E. #157] and Defendant's Motion For Certificate of Appealability [D.E. #159] be **DENIED.**

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ___ day of March, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Jennifer Millien

Prosper Brifiel, pro se
Reg. No. 40821-004
U.S. Penitentiary
Victorville FCC
P.O. Box 5300
Adelanto, CA 92301